Ms. Kim Bilbrey
50 S. Greeley #412
Palatine, IL 60067
KimBilbrey@gmail.com

BY EMAIL

December 16, 2012

> Re: Email to Dr. Amy Tuteur, December 16, 2012

Dear Ms. Bilbrey:

I write in response to your cease-and-desist email to Dr. Amy Tuteur dated December 16, 2012, written on behalf of "Ms. Gina Crosley-Corcoran DBA 'TheFeministBreeder.com.'"

Your letter alleges that Dr. Tuteur's re-posting of Ms. Crosley-Corcoran's photograph – which depicts Ms. Gina Crosley-Corcoran "giving the finger" to Dr. Tuteur – "illegally infringe[s] upon Ms. Crosley-Corcoran's copyrighted image." Given that Ms. Crosley-Corcoran gave express permission to Dr. Tuteur to use the image, and that the re-posting is in any event "Fair Use" under the Copyright Act, 17 U.S.C. § 107, your claim is utterly frivolous. Should Ms. Crosley-Corcoran take any further action to assert this claim in court, Dr. Tuteur will seek sanctions and prevailing party fees under Fed. R. Civ. P. 11, Illinois Sup. Ct. Rule 137, and the Copyright Act, 17 U.S.C. § 505.

First, Ms. Crosley-Corcoran can have no claim for copyright infringement against Dr. Tuteur because she gave express permission for Dr. Tuteur to repost it. In an expletive-laced paragraph that summed up her blog post about Dr. Tuteur, Ms. Crosley-Corcoran stated:

> I don't want to leave you without something *you can take back to your blog* and obsess over, *so here's a picture of me*, sitting at my dining room table, sucking on a cough drop that I took away from the baby. http://thefeministbreeder.com/this-ones-for-you-dr-amy/ (Emphasis added.)

Consistent with Ms. Crosley-Corcoran's suggestion, Dr. Tuteur "t[ook] back to [her] blog" the "picture of [Ms. Crosley-Corcoran]," just as Ms. Crosley-Corcoran said she should do. Ms. Crosley-Corcoran can hardly have a claim for copyright infringement when she explicitly told Dr. Tuteur to use the photo.

However, even if Ms. Crosley-Corcoran had been silent about the subsequent use of the photo, Dr. Tuteur's reposting of it would clearly fall within the Fair Use exception to the copyright laws. *See* 17 U.S.C. § 107.  As I assume you know, the Supreme Court has made clear that the critical factor in Fair Use analysis is whether the new work is "transformative"; that is, whether the secondary use "adds something new, with a further purpose or different character." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 114 S.Ct. 1164, 1171 (1994). *See also Kelly v. Ariba Soft Corp.*, 336 F.3d 811 (9th Cir. 2003); *Perfect 10 v. Amazon, Inc.*, 487 F.3d 701 (9th Cir. 2007).  Here, Dr. Tuteur used Ms. Crosley-Corcoran's obscene gesture both to demonstrate Ms. Crosley-Corcoran immaturity and unfitness to serve as a doula, as well as to supplement a post about Ms. Crosley-Corcoran's failure to justify her status as "birth activist."

In your letter, you claim damages of $750 for this "incident," and assert further that Dr. Tuteur may be liable for up to $30,000 if she fails to remove the photo. Given these threats, let me be absolutely clear with both you and Ms. Crosley-Corcoran: If you or "The Feminist Breeder" take any further action to advance this frivolous claim in court or in any other forum, Dr. Tuteur will seek sanctions against you personally under Rule 11 and/or Illinois Sup. Ct. Rule 137, as well as prevailing party fees against Ms. Crosley-Corcoran under 17 U.S.C. § 505.  Dr. Tuteur does indeed consider this "a serious matter," as you say in your letter, and your efforts to squelch legitimate debate and fair use will be addressed accordingly.

Finally, I could not help but note that your email, KimBilbrey@gmail.com, appears to be associated with a wedding photography business, rather than a law office. Accordingly, if any further correspondence on this subject is necessary, please provide me with confirmation that you are in fact authorized to represent Ms. Crosley-Corcoran as a practicing attorney.

Sincerely,

Michael J. Tuteur, Esq.