UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| AMY TUTEUR, M.D., )<br>       Plaintiff, )<br>   v. )<br>GINA CROSLEY-CORCORAN, )<br>       Defendant. ) | Civil Action No.: 13-cv-10159-MBB |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>PLAINTIFF'S MOTION TO STRIKE</u>**

Plaintiff Amy Tuteur, M.D. ("Dr. Tuteur"), submits this Memorandum in Support of her Motion to Strike. As discussed herein, Defendant Gina Crosley-Corcoran's Memorandum Of Law In Support Of Her Motion To Dismiss (Dkt. # 13) ("Defendant's Memorandum") contains numerous immaterial, impertinent, and scandalous allegations that are highly prejudicial and have nothing to do with this action or, more specifically, Defendant's claim that this Court lacks jurisdiction over her. Dr. Tuteur seeks to have Defendant's improper allegations stricken from Defendant's Memorandum or, in the alternative, to have Defendant's Memorandum stricken in its entirety pursuant to Fed. R. Civ. P. 12(f).

## <u>BACKGROUND</u>

### *Dr. Tuteur's Complaint*

On January 25, 2013, Dr. Tuteur commenced this action by filing a complaint against Defendant. Dr. Tuteur's Complaint seeks injunctive relief and damages for misrepresentation of copyright claims under the Digital Millennium Copyright Act ("DMCA") and damages for tortious interference with contracts.

In brief, Dr. Tuteur publishes an online blog called "The Skeptical OB." Complaint, ¶ 16. Dr. Tuteur drew the ire of another blogger, Defendant Crosley-Corcoran, when she published an article in December 2012 that posed a series of critical, rhetorical questions directed to Crosley-Corcoran. *Id.*, ¶¶ 23-24. Crosley-Corcoran responded by posting a story on her own blog, "The Feminist Breeder," criticizing Dr. Tuteur's online advocacy. *Id.*, ¶ 25. Crosley-Corcoran's blog post featured a picture of herself "giving the finger" to Dr. Tuteur. *Id.* Crosley-Corcoran offered the photo as something Dr. Tuteur "can take back to [her] blog and obsess over . . . ." *Id.* Thereafter, Dr. Tuteur published a commentary about Crosley-Corcoran on The Skeptical OB that incorporated Crosley-Corcoran's photo. *Id.*, ¶ 26. As alleged in the Complaint, Dr. Tuteur's use of Crosley-Corcoran's photo was expressly authorized and a fair use under 17 U.S.C. § 107. *Id.*, ¶ 33.

In response to Dr. Tuteur's posting of Crosley-Corcoran's photo, Crosley-Corcoran issued serial takedown notices compelling Dr. Tuteur's online service providers to remove the photo under the terms of the DMCA. *Id.*, ¶ 34-51. Crosley-Corcoran also encouraged others to assist her with the express goal of shutting down Dr. Tuteur's blog permanently. *Id.*, ¶ 45, 52-62.

The Complaint contains two counts: Misrepresentation pursuant to 17 U.S.C. § 512(f) (Count I), and Tortious Interference With Contracts (Count II).

### *Defendant's Memorandum*

On March 5, 2013, Crosley-Corcoran responded to the Complaint by filing a Motion to Dismiss for Lack of Jurisdiction. Dkt. 12. In Defendant's Memorandum, Crosley-Corcoran argues that the Complaint should be dismissed because, *inter alia*, Crosley-Corcoran is not a


resident of Massachusetts and has no material contacts in the Commonwealth. Defendant's Memorandum, pp. 6-14.

However, in addition to Crosley-Corcoran's arguments and allegations concerning her purported lack of ties to this jurisdiction, Crosley-Corcoran also makes the following allegations which are the subject of Dr. Tuteur's Motion to Strike (the "Improper Allegations"):

- "The Plaintiff in this action, Amy Tuteur, is a bully." Defendant's Memorandum, p. 1.
- "She is, to be sure, a modern-day bully; a 'cyber bully,' who spews her venom over the Internet, rather than kicking sand on a playground, but she is a bully nonetheless." *Id.*
- Dr. Tuteur "is something of a niche bully." *Id.*
- "This lawsuit represents another form of Ms. Tuteur's bullying." *Id.*, p. 2.
- "Amy Tuteur is a bully, and [filing this action] is what bullies do." *Id.*, p. 14.
- "Other news outlets have begun to question and report on Ms. Tuteur's bullying tactics." *Id.*, p. 1 n.1. On this topic, Crosley-Corcoran attaches articles unrelated to this lawsuit as exhibits to Defendant's Memorandum in an effort to further tar Dr. Tuteur. *Id.*, Exhibits 5 and 6.

In addition, Crosley-Corcoran attacks Dr. Tuteur's professional standing by pointedly (and repeatedly) calling her "Ms. Tuteur," and (incorrectly) implies that her use of her professional titles is improper as follows: "Ms. Tuteur, a former physician who is no longer licensed to practice medicine (and yet who identifies herself as an obstetrician gynecologist on her websites). . . ." As provided in the Complaint, Dr. Tuteur received her undergraduate degree from Harvard College in 1979 and her medical degree from Boston University School of Medicine in 1984 (and left the practice of medicine in 1995 to raise her four children). Complaint, ¶¶ 12, 15. She is a former clinical instructor at Harvard Medical School. *Id.*, ¶ 13.

Her book, How Your Baby Is Born, an illustrated guide to pregnancy, labor and delivery, was published by Ziff-Davis Press in 1994.  *Id.*, ¶ 14.

### ARGUMENT

THE IMPROPER ALLEGATIONS SHOULD BE STRICKEN BECAUSE THEY
ARE IMMATERIAL, IMPERTINENT, AND SCANDALOUS; ALTERNATIVELY,
THE DEFENDANT'S MEMORANDUM AS A WHOLE SHOULD BE STRICKEN

Crosley-Corcoran's Improper Allegations, detailed above, should be stricken from Defendant's Memorandum because they are immaterial, impertinent, and scandalous matters that have no bearing whatsoever on this lawsuit and they would be highly prejudicial to Dr. Tuteur if they are permitted to remain in this action.  See Demoulis v. Sullivan, 1993 U.S. Dist. LEXIS 3250 (D. Mass. 1993) (motion to strike appropriate when "allegations have no possible relation to the controversy and may cause prejudice to one of the parties" (internal quotation omitted)); Fed. R. Civ. P. 12(f) (stating, "The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.").

Courts have "considerable discretion" in allowing motions to strike.  Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 618 (1st Cir. 1988).

All of the Improper Allegations are scandalous because they improperly cast Dr. Tuteur in a derogatory light.  See In re Johnson, 236 B.R. 510, 523 (D.D.C.1999) (striking as scandalous allegations that bankruptcy trustee was a "liar" because they were "so devoid of necessary evidence ... that they amount to little more than name-calling"); Sierra Club v. Tri-State Generation & Transmission Ass'n, 173 F.R.D. 275, 285 (D. Colo. 1997) (irrelevant allegations should be stricken as scandalous if they "degrade defendants' moral character, contain repulsive language, or detract from the dignity of the court"); Toto v. McMahan, Brafman, Morgan & Co., 1995 U.S. Dist. LEXIS 1399, 1995 WL 46691, at *16 (S.D.N.Y. Feb. 7, 1995) (motion to strike

4

appropriate when allegations have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones); see also Wright & Miller, Fed. Prac. & Proc.: Civil 3d § 1382, at 467 (West 2004) ("Scandalous allegations . . . often will be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations."). Crosley-Corcoran's repeated name-calling is a transparent attempt to cast Dr. Tuteur in a disparaging light. Crosley-Corcoran's insulting language is not only an attempt to denigrate Dr. Tuteur's character, it evinces complete disregard for the appropriate level of decorum expected of parties when appearing before a federal court.

Needless to say, none of the Improper Allegations bears any possible relation to Crosley-Corcoran's arguments that she is not subject to the jurisdiction of this Court. For instance, it is unfathomable how Crosley-Corcoran's personal feelings about Dr. Tuteur translate to any cognizable basis for her assertion that there is no statutory or Constitutional basis for the exercise of jurisdiction by this Court. Similarly, Crosley-Corcoran's apparent view that Dr. Tuteur is a "bully" is not relevant to the claims asserted in the Complaint or any conceivable defenses thereto.

Not even Crosley-Corcoran appears to contend that the Improper Allegations are at all relevant to this action because the Argument section of Defendant's Memorandum (pp. 6-13) does not attempt to tie any of the Improper Allegations to the case law cited in support of Crosley-Corcoran's Motion to Dismiss.

In addition to the fact that the Improper Allegations are irrelevant, impertinent, and scandalous, they are also highly prejudicial to Dr. Tuteur. The effects of the Improper Allegations will continue throughout this action if they are permitted to remain.

**CONCLUSION**

For the foregoing reasons, Plaintiff Amy Tuteur, M.D., respectfully requests that this Court strike the Improper Allegations from Defendant's Memorandum pursuant to Rule 12(f) of the Federal Rules of Civil Procedure or, in the alternative, strike Defendant's Memorandum in its entirety.

Respectfully submitted,

*/s/* Russell Beck
Russell Beck (BBO # 561031)
  *rbeck@beckreed.com*
Stephen D. Riden (BBO # 644451)
  *sriden@beckreed.com*
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, MA 02110
Telephone:  (617) 500-8660
Facsimile:  (617) 500-8665

Dated:  March 5, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper or electronic copies will be delivered to those indicated as non-registered participants on March 5, 2013.

*/s/ Stephen D. Riden*
Stephen D. Riden