UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMY TUTEUR, M.D., <br> Plaintiff, <br><br> v. <br><br> GINA CROSLEY-CORCORAN, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 13-cv-10159-RGS |

**DEFENDANT'S OPPOSITION TO MOTION OF NON-PARTIES ELECTRONIC FRONTIER FOUNDATION AND DIGITAL MEDIA LAW PROJECT FOR LEAVE TO FILE BRIEF AS AMICI CURIAE**

*"An amicus brief is normally only allowed when a party is not represented competently or is not represented at all...."[1]*

\*\*\*

It is rare – perhaps sadly so – that one has both the opportunity and a reason to praise the litigation skills of opposing counsel. This, then, is something of a unique opportunity. Attorney Beck, a former partner with the national law firm Foley & Lardner LLP, and Attorney Riden, a former senior counsel to Foley & Lardner, have, collectively, almost 40 years of sophisticated litigation experience. Among his many accolades, Attorney Beck is AV rated by Martindale-Hubbell, a Chambers recognized attorney, a Massachusetts Super Lawyer, a Top 100 New England attorney, and a nationally recognized authority on trade secret and non-competition law. Attorney Riden is a Massachusetts Super Lawyer, a recipient of the Best Lawyers designation, a frequently quoted legal authority, and a former appellate law clerk. They are, in short, eminently qualified to represent the interests of Plaintiff in this action and to fully brief the issues raised by this Court's Order of April 10, 2013, requiring them to show cause why the present action should

---

[1] *Gabriel Technologies Corp. v. Qualcomm, Inc.*, 2012 U.S. Dist. LEXIS 33417, \*15 (S.D.N.Y. 2012).

not be dismissed.

This being the case, the addition of two *more* legal Goliaths will do little to advance this Court's understanding of the issues raised (which do not seem to be so complex as to cry out for the assistance of non-parties), and instead will only needlessly multiply the costs of an already overly-costly litigation.  For the reasons stated herein, Defendant Gina Crosley-Corcoran respectfully requests that the non-party requests for leave to file an amicus brief be denied.

## ARGUMENT

Unlike the Rules of Appellate Procedure, which specifically contemplate the filing of Amicus Briefs (*see* Fed. R. App. P. 29), the rules governing the district courts contain no such cognate provision.  Nevertheless, there is no question but that this Court has the discretion to accept or deny a request for leave to file an amicus brief.  *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970)(holding that a District Court's decision whether to accept an amicus brief is "within the sound discretion of the court").  Even so, the rule in this Circuit is that "a district court lacking joint consent of the parties should go slow in accepting… an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance."[2]  *Id.*  In addition, "it has been noted that '[a]t the trial level, where issues of fact as well as law predominate, the aid of amicus curiae may be less appropriate than at the appellate

---

[2] Although the EFF and DMLP are correct in their assertion that an amicus curiae need not be impartial, it is equally true that "the degree of partiality is an appropriate consideration for the court with regard to the appearance of an amicus curiae." *Prof'l Drug Co. v. Wyeth, Inc.,* 2012 U.S. Dist. LEXIS 147607 (D.N.J. 2012).  In the present case, Plaintiff has herself given voice to the partiality of the proposed amici, proclaiming on her website (within hours of the EFF and DMLP filing their motion): "the Electronic Frontier Foundation and the Harvard Law School Digital Media Project file to submit an amicus brief in support of my claim." *See, Exhibit 1.  See also Ryan v. Commodity Futures Trading Comm'n,* 125 F.3d 1062, 1063 (7th Cir. 1997) ("The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse. The term 'amicus curiae' means friend of the court, not friend of a party.")

2

level.'"

*Prof'l Drug Co. v. Wyeth Inc.,* 2012 U.S. Dist. LEXIS 147607 (D.N.J. 2012), *quoting U.S. v. Alkaabi*, 223 F.Supp.2d 583, 592 (D.N.J. 2002).

The reasons to reject the intrusion of non-party amicus curiae are many.  Judge Prosser articulated some of the most fundamental in *Voices for Choices v. Ill. Bell Tel. Co.,* 339 F.3d 542, 544-45 (7th Cir. 2003):

> The judges of this court will therefore not grant rote permission to file such a brief, and in particular they will deny permission to file an amicus brief that essentially duplicates a party's brief. …The reasons for the policy are several: judges have heavy caseloads and therefore need to minimize extraneous reading; amicus briefs, often solicited by parties, may be used to make an end run around court-imposed limitations on the length of parties' briefs; the time and other resources required for the preparation and study of, and response to, amicus briefs drive up the cost of litigation; and the filing of an amicus brief is often an attempt to inject interest group politics into the federal appeals process.
>
>  …In my experience in two decades as an appellate judge, however, it is very rare for an amicus curiae brief to do more than repeat in somewhat different language the arguments in the brief of the party whom the amicus is supporting. Those who pay lawyers to prepare such briefs are not getting their money's worth.

*See also  Strasser, supra* ("At a minimum, reply poses a burden on the opposite party, who may, in addition, feel that he is outnumbered"); *McCarthy v. Fuller*, 2012 U.S. Dist. LEXIS 43701, *3-4 (S.D. Ind. 2012)("The reasons militating against permission to file amicus briefs… are compelling. First, amicus briefs pose a significant additional burden on the court and likely on the opposing party, who often deems it necessary to respond to the arguments the briefs have advanced. Second, more often than not, amicus participation is not truly for the benefit of the court, but rather to bolster the advocacy of a party and provide that party additional briefing to which it would not be entitled under the applicable rules of the court. Third, amicus practice tends to drive up the costs of litigation"); *Beesley v. Int'l Paper Co.,* 2011 U.S. Dist. LEXIS 132578, 4-5 (S.D. Ill. 2011)("Boeing believes that it has an interest in its case that may be

affected by the decision in this case and that by filing an amicus brief it will be able to 'complement' the arguments defendants advance. The Court finds that complementing defendants' arguments is not sufficient reason to allow an amicus brief. …Boeing has failed to convince this Court that its attempt to file an amicus brief is nothing more than an attempt for the defendants to get another bite at the apple, one of the policies behind denying a party's brief"); *Glassroth v. Moore*, 347 F.3d 916, 919 (11th Cir. 2003)("we suspect that amicus briefs are often used as a means of evading the page limitations on a party's briefs"); *SEC v. Hirsch Org., Inc.,* 1982 U.S. Dist. LEXIS 11052, *2 (S.D.N.Y. 1982)("Courts have been reluctant to accept briefs submitted by amici. …where the court finds that the parties have sufficiently set forth the relevant issues to be addressed, the submission of additional papers is not warranted"); *Commonwealth v. U.S. Dep't of Health and Human Services*, 2010 U.S. Dist. LEXIS 40118, *5 (D. Mass. 2010)(rejecting request to file amicus brief where the court does not believe that the proposed brief "would assist existing counsel in presenting the relevant legal issues"); *Prof'l Drug Co. v. Wyeth Inc.,* 2012 U.S. Dist. LEXIS 147607 (D.N.J. Oct. 2, 2012)("Plaintiffs are represented by competent counsel who have ably addressed the relevant issues relating to the motions to dismiss. Doing little more than duplicating arguments raised by the parties is not the proper role of an amicus curiae.") *³*

The concerns articulated by Judge Prosser (and others) are manifest here. The EFF and

---

[3] EFF and DMLP's citation to *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128 (3d Cir. 2002) for the proposition that the court should not consider the ability of existing counsel to fully and competently brief the relevant issues is unpersuasive for three reasons. First, the *Neonatology* case did not deal with the question of when a district court should allow the filing of an amicus brief, but rather addressed how an appellate court should examine the issue under Fed. R. App. P. 29. Second, the case does not actually hold irrelevant existing counsel's ability to fully brief the issues. To the contrary, addressing issues unique to an appellate court, the Court there held that "it is frequently hard to tell whether an amicus brief adds anything useful to the briefs of the parties without thoroughly studying those briefs and other pertinent materials, and it is often not feasible to do this in connection with the motion for leave to file. Furthermore, such a motion may be assigned to a judge or panel of judges who will not decide the merits of the appeal, and therefore the judge or judges who must rule on the motion must attempt to determine, not whether the proposed amicus brief would be helpful to them, but whether it might be helpful to others who may view the case differently." *Id.* at 132-33. Finally, to the extent that the *Neonatology* decision is inconsistent with the cautious approach dictated by the First Circuit's decision in *Strasser*, it is not controlling precedent.

DMLP's proposed briefs plow the same furrow as the brief submitted by Plaintiff. The two briefs – filed but minutes apart from one another – each argue that the present case cannot be disposed of on a motion to dismiss because of an alleged requirement that a person issuing a takedown notice under the DMCA consider the applicability of a fair use defense before sending the takedown notice. Putting aside for the moment the legal soundness of this assertion (and, more importantly, its application to the facts of the present case, issues that Defendant intends to address in due course in its response to Plaintiff's brief), the proposed amici curiae brief does nothing more than argue the same points argued by plaintiff's counsel (albeit at greater length). The proposed brief, then, brings nothing additional to the table and instead only creates a situation where the defendant is, in essence, required to fight the same battle twice.

## Conclusion

Plaintiff is fully and competently represented by experienced counsel who have identified and briefed the same issue that the amici seek leave to address. Because such briefing will, therefore, not aid the Court in its resolution of the relevant issues at hand, and because the amici's proposed brief does little more than reiterate an argument already competently made by Plaintiff's counsel, the EFF and DMLP's motion for leave to file a brief of amici curiae should be denied.

Respectfully submitted,

GINA CROSLEY-CORCORAN

By her attorney,

*/s/ Evan Fray-Witzer*
Evan Fray-Witzer (BBO# 564349)
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Tel: (617) 426-0000

Fax: (617) 423-4855
Evan@CFWLegal.com

### CERTIFICATE OF SERVICE

  I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 1, 2013.

                */s/ Evan Fray-Witzer*