UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMY TUTEUR, M.D.,

    Plaintiff,

v.

GINA CROSLEY-CORCORAN,

    Defendant.

C.A. No. 13-cv-10159-RGS

## DEFENDANT'S ANSWER

For her answer, Defendant Gina Crosley-Corcoran states as follows:

1. This paragraph states a conclusion of law for which no response is required. To the extent a response is deemed required, the Defendant denies the allegations contained in this paragraph.

2. The Defendant admits that the Plaintiff publishes an online blog called "The Skeptical OB." The Defendant states that the blog entries at issue, most of which are attached to the Complaint, speak for themselves. To the extent not otherwise admitted, the allegations of this paragraph are denied.

3. Denied.

4. Denied.

5. This paragraph states a conclusion of law for which no response is required. To the extent a response is deemed required, the Defendant denies the allegations contained in this paragraph.

## PARTIES

6. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

7. Admitted.

## JURISDICTION AND VENUE

8. Admitted.

9. Denied.

10. Denied.

## FACTUAL ALLEGATIONS

11. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

12. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

13. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

14. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

15. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

16. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

17. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

18. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

19. The Defendant admits that she was previously a rock and roll musician, that she is certified as both a doula and childbirth educator, and that she is both an activist and advocate. The defendant denies that this is a complete recitation of her work, educational, or personal resume.

20. Ms. Crosley-Corcoran admits that she began working as a doula in 2010. To the extent not otherwise admitted, the Defendant denies the allegations of this paragraph.

21. Ms. Crosley-Corcoran admits that she writes a blog known as "The Feminist Breeder," located at http://www.thefeministbreeder.com. To the extent not otherwise admitted, the Defendant denies the allegations of this paragraph.

22. Denied as written. The Defendant admits that both she and the Plaintiff write about home birth on their respective blogs and elsewhere.

23. Admitted.

24. The Defendant states that the Plaintiff's blog post speaks for itself. The Defendant denies the Plaintiff's self-serving characterizations of her blog post.

25. The Defendant admits that Exhibit B is a blog post which she wrote. The Defendant states that the post speaks for itself. To the extent not otherwise admitted, the Defendant denies the allegations of this paragraph.

26. The Defendant denies that her obviously sarcastic comment was intended to convey permission or a license to utilize her photograph in any manner. The Defendant admits that Exhibit C is a blog post made by the Plaintiff. To the extent not otherwise admitted, the Defendant denies the allegations of this paragraph.

27. The Defendant states that the Plaintiff's blog post speaks for itself.

28. Admitted.

29. The Defendant denies that her obviously sarcastic comment was intended to convey permission or a license to utilize her photograph in any manner. The Defendant states that the blog post speaks for itself.

30. Admitted.

31. Admitted.

32. The Defendant states that Exhibit D speaks for itself. To the extent not otherwise admitted, the allegations of this paragraph are denied.

33. The Defendant states that Exhibit E speaks for itself. To the extent not otherwise admitted, the allegations of this paragraph are denied.

34. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

35. The Defendant states that the takedown notice speaks for itself.

36. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

37. The Defendant states that the email attached at Exhibit F speaks for itself.

38. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

39. The Defendant states that Exhibit G speaks for itself.

40. Admitted.

41. The Defendant admits that Attorneys Marcus and Tuteur had settlement discussions during which various settlement proposals and scenarios were discussed. The

Defendant denies that any concrete proposals were made or authorized, but admits that scenarios like the one described in this paragraph were discussed.

42. Denied. In further answering, the Defendant states that Attorney Marcus never told Attorney Tuteur that she did not believe that Ms. Crosley-Corcoran had a copyright claim against the Plaintiff. Indeed, Attorney Marcus told Attorney Tuteur the opposite.

43. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

44. The Defendant admits that Exhibit H is a copy of a blog post which she authored. The Defendant states that Exhibit H speaks for itself. The Defendant answers further that she denies the Plaintiff's characterizations of her blog post.

45. The Defendant states that Exhibit H speaks for itself. The Defendant answers further that she denies the Plaintiff's characterizations of her blog post.

46. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

47. The Defendant states that the takedown notice speaks for itself.

48. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

49. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

50. The Defendant states that Exhibit I speaks for itself.

51. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

52. Admitted.

53. Denied.

54. Admitted.

55. Admitted.

56. Admitted.

57. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph. In further answering, the Defendant states that, if the Plaintiff's website suffered periodic outages, they were not of the Defendant's doing.

58. Admitted.

59. The Defendant admits that she made the posting and denies that she was responsible for the disruption of the Plaintiff's service.

60. The Defendant admits that she made the posting and denies that she was responsible for the disruption of the Plaintiff's service.

61. Denied.

62. Denied.

## COUNT I – 17 U.S.C. §512(f)

63. The Defendant repeats and incorporates herein by reference the answers to the preceding paragraphs of the complaint.

64. This paragraph contains a conclusion of law that does not require a response. To the extent a response is required, the Defendant deny the allegations of this paragraph.

65. This paragraph contains a conclusion of law that does not require a response. To the extent a response is required, the Defendant deny the allegations of this paragraph.

66. This paragraph contains a conclusion of law that does not require a response. To the extent a response is required, the Defendant deny the allegations of this paragraph.

67. Denied. In further answering, Ms. Crosley-Corcoran states that she sent the takedown notices in good faith.

68. Denied.

69. Denied.

70. Denied.

## COUNT II – Tortious Interference With Contracts

71. The Defendant repeats and incorporates herein by reference the answers to the preceding paragraphs of the complaint.

72. The Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

73. Denied.

74. The Defendant denies that she had knowledge of "contracts" between the Plaintiff and Bluehost.com or DaringHost.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Court lacks personal jurisdiction over the Defendant.

### Second Affirmative Defense

The Complaint fails in whole or in part for failing to state a claim upon which relief may be granted.

### Third Affirmative Defense

The Complaint fails in whole or in part because the Plaintiff's state law claims are preempted by federal law.

### Fourth Affirmative Defense

The Complaint fails in whole or in part because the Defendant acted with subjective good faith when she sent the takedown notices at issue.

### Fifth Affirmative Defense

The Complaint fails in whole or in part because the Defendant did not make any material misrepresentations in her takedown notices.

### Sixth Affirmative Defense

The Complaint fails in whole or in part because the Defendant did not improperly interfere with the Plaintiff's contractual relations.

### Seventh Affirmative Defense

The Complaint is vexatious, frivolous, or brought to harass the Defendant in violation of Fed. R. Civ. P. 11.

<u>Eight Affirmative Defense</u>

The Defendant reserves the right to supplement her affirmative defenses if additional defenses become evident through the course of discovery.

**PRAYERS FOR RELIEF**

WHEREAS, Gina Crosley-Corcoran does hereby pray:

1. That the Court find in her favor and against the Plaintiff on each of the counts of the Complaint;

2. That the Court issue a judgment in the Plaintiff's favor;

3. That the Court find the present action and/or the maintenance of the action to be frivolous, vexatious, or brought to harass the Defendant and award the Defendant her costs and reasonable attorney's fees pursuant to Fed. R. Civ. P. 11; and

4. That the Court order such further relief as the Court determines to be just.

***THE DEFENDANT DEMANDS A RIGHT TO A TRIAL BY JURY***
***FOR ALL CLAIMS SO TRIABLE.***

Respectfully submitted,

GINA CROSLEY-CORCORAN

By her attorney,

*/s/ Evan Fray-Witzer*
Evan Fray-Witzer (BBO# 564349)
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Tel: (617) 426-0000
Fax: (617) 423-4855
Evan@CFWLegal.com

CERTIFICATE OF SERVICE

       I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 1, 2013.

                                                /s/ Evan Fray-Witzer